# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### CIVIL ACTION NO. 1:18-CV-00042-GCM

| | | |
|---|---|---|
| **REBECCA DAWN SWEAT,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER COMES** before this Court on Plaintiff's Motion to Remand (Doc. No. 12). The Commissioner responded to the Motion (Doc. No. 17) to which Plaintiff replied (Doc. No. 22). As such, this matter is now ripe for disposition.

## I.    DISCUSSION

Plaintiff seeks a new hearing in front of a new Administrative Law Judge ("ALJ") because the ALJ that presided over her case was not properly appointed under the Appointments Clause of the United States Constitution. The Supreme Court in *Lucia*, held that ALJs of the Security and Exchange Commission are "Officers of the United States" and thus are subject to the Appointments Clause of the Constitution. *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018).

In order to invoke the rule from *Lucia*, a party must make a "timely challenge." *Id.* ("one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief.") (internal citations and quotations omitted). In *Lucia*, the plaintiff made an Appointments Clause challenge before the Commission. *Id.* In this case, Plaintiff failed to make such a challenge. Thus, even if *Lucia* applied to Social Security ALJs as argued by Plaintiff, Plaintiff forfeited that argument by not raising it before the Commission. This holding is

line with several other opinions from this District. *See Whiteside v. Berryhill*, 1:18-cv-00176-FDW, 2019 WL 1639936 (W.D.N.C. Apr. 16, 2019) (Whitney, J.) (rejecting *Lucia* argument because Plaintiff forfeited the argument by failing to raise it in front of the Commission); *Jackson v. Berryhill*, 1:18-cv-00003-RJC, 2019 WL 1332377 (W.D.N.C. Mar. 25, 2019) (Conrad, J.) (same); *Britt v. Berryhill*, No. 1:18-cv-00030-FDW, 2018 WL 6268211, at *2 (W.D.N.C. Nov. 30, 2018) (Whitney, J.) (same); *Garrison v. Berryhill*, No. 1:17-cv-00302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018) (Whitney, J.) (same). The Court finds these cases persuasive. Therefore, Plaintiff's Motion to Remand is **DENIED** as Plaintiff forfeited the argument by failing to raise it before the Commission.

## II.    CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. No. 12) is **DENIED**. Pursuant to this ruling and the Order issued on September 11, 2018, Commissioner will have forty-five (45) days in which to respond to Plaintiff's Motion for Summary Judgment (Doc. No. 10).    **SO ORDERED**.

Signed: April 24, 2019

Graham C. Mullen
United States District Judge